UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____
DONNA BOULDIN,

                      Plaintiff,          06-CV-6638T

        v.                            **DECISION**
                                                  **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                      Defendant.
_____

## **INTRODUCTION**

Plaintiff Donna Bouldin ("plaintiff" or "Bouldin") proceeding pro se brings this action pursuant to Title XVI of the Social Security Act claiming that the Commissioner of Social Security ("Commissioner") improperly seeks to recover from plaintiff an overpayment of Supplemental Security Income ("SSI").[1] Specifically, Bouldin alleges that the decision of an Administrative Law Judge ("ALJ") who heard her case was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Bouldin opposes the defendant's motion.

---

[1] This case (formerly civil case 04-CV-0759-E) was transferred to the undersigned by the Honorable Charles J. Siragusa, United States District Court for the Western District of New York by Order dated January 19, 2007.

## BACKGROUND

Plaintiff claims she was disabled as of 1989 due to a panic and anxiety disorder. The record is not clear as to when she started receiving SSI. However, the record shows that the Social Security Administration ("SSA") conducted a redetermination of her SSI eligibility in May 2000, at which time she continued to be eligible for benefits.

Thereafter, plaintiff was married on July 28, 2000 (T. 19). On October 6, 2001, SSA notified plaintiff that she had been overpaid a total of $8,220.00 for the period August 2000 through October 2001, due to deeming from her husband's income. Plaintiff requested waiver of the overpayment on January 24, 2002 which was denied by SSA on March 5, 2002. Plaintiff's request for reconsideration was denied on March 21, 2002. Plaintiff declined the opportunity to appear at a personal conference. In response to plaintiff's request for a hearing, the SSA provided her with a letter about the hearing along with a list of free legal services offices to assist her through the process. Plaintiff later stated in writing that she did not wish to appear at a proceeding due to her anxiety and panic disorder.

ALJ Grenville W. Harrop, Jr. considered the case de novo and, on April 13, 2004, found that plaintiff was not without fault in connection with the overpayment, and, therefore, recovery of the overpayment was not waived. The Appeals Council denied plaintiff's

request for review.

## DISCUSSION

I.  <u>Jurisdiction and Scope of Review</u>

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Consolidated Edison v. NLRB</u>, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. <u>See</u>, <u>Monquer v. Heckler</u>, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." <u>Lynn v. Schweiker</u>, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

    II.    <u>The Commissioner's decision to deny Plaintiff's request for a waiver for the return of SSI benefits is supported by substantial evidence on the record.</u>

    A.    <u>Statutory Standard</u>

The Commissioner is required to seek adjustment or recovery of an overpayment of benefits, unless the individual to whom benefits are overpaid is without fault and recovery would defeat the purpose of the Act, or would be against equity and good conscience. 42 U.S.C. §§ 1383(b)(1)(B), 1395gg(c).

An SSA regulation provides that fault on the part of SSA does not relieve the individual claimant from any fault on his own part, and requires the Secretary to consider "all pertinent circumstances" including the individual's physical and mental

condition, age, and comprehension in determining fault. 20 C.F.R. § 416.552.[2] The regulation provides that fault will be found when an incorrect payment "resulted from" one of the following:

> (a) Failure to furnish information which the individual knew or should have known was material;
>
> (b) An incorrect statement made by the individual which he knew or should have known was incorrect (this includes the individual's furnishing his opinion or conclusion when he was asked for facts), or
>
> (c) The individual did not return a payment which he knew or could have been expected to know was incorrect.

No showing of bad faith is required; rather, an honest mistake may be sufficient to constitute fault. Center v. Schweiker, 704 F.2d 678, 680 (2d Cir. 1983). The fact that the SSA may have been at fault in making the overpayment does not relieve the recipient from liability for repayment if the recipient also was at fault. Id.

    B.   Discussion of the Evidence

SSA requires that an individual report changes that may affect a claimant's eligibility for benefits, including a change in marital status. 20 C.F.R. 416.708(g). Such a change should be reported as soon as the change occurs but no later than within ten calendar days after the close of the month in which the change

---

[2]This regulation, applicable to SSI overpayments, is similar to 20 C.F.R. § 404.507, applicable to old-age, survivor's and disability insurance benefits overpayments. As both regulations interpret 42 U.S.C. § 1383(b)(1); the basic principles in overpayment cases are the same regardless of the type of benefit allegedly overpaid, and authorities interpreting the regulations relating to insurance benefits are pertinent to SSI cases as well.

occurred to avoid sanction. 20 C.F.R. 416.714(a). When SSA awards SSI benefits, it mails the SSI recipient an award letter and a pamphlet entitled, "Your Social Security Rights and Responsibilities." This material also discusses the duty to report a change in circumstance such as a change in marital status. SSA Program Operations Manual System ("POMS") §§ GN 02250.005, SI 02301.005. Further, when SSA conducts a redetermination of an SSI recipient's eligibility for benefits, SSA also gives written explanations of reporting responsibilities with its redetermination form. POMS § 02301.005.

Bouldin had received SSI benefits for several years before she married her husband on July 28, 2000. (T. 19, 45, 47). SSA's reporting requirements would have been included in the mailings described above, including the redetermination SSA conducted just two months before her marriage. (T. 55). Plaintiff failed to report her marriage to SSA in a timely fashion. Indeed, SSA learned about plaintiff's marriage as a result of her enrollment in the New York Works Project, a work-incentive initiative between SSA and New York State. (T. 15-17). Based on the information plaintiff supplied to the New York Works Project on August 22, 2001, SSA correctly determined that she was no longer eligible for SSI due to deeming from her spouse's income. (T. 17).

Plaintiff claimed to have called SSA's toll-free number to report her marriage in either August or September 2000 and that SSA

responded that someone would contact her, but that when no one did, she assumed she was still entitled to benefits. (T. 12, 33, 40, 47, 75). Despite her claims, there is no indication that plaintiff ever contacted SSA. (T. 12).

Plaintiff also claimed that she did not know that her change in marital status would affect her eligibility to collect SSI benefits or that her husband's income would be deemed available to her. (T. 12, 40-41 ). However, when plaintiff was interviewed by SSA regarding her waiver request, it was noted that she had changed her driver's license to reflect her married name but not her social security records. (T. 40). It was also pointed out at that interview that despite being married and entitled to tax relief, her husband did not list her as a spouse/dependent on his 2000 IRS tax return.

Additionally, her husband's income as a CSX Railroad employee and from rental property amounted to roughly $3,800 per month while plaintiff claimed that their expenses were roughly $2,600 per month. (T. 13, 17, 18, 36, 37, 46). As a result, plaintiff's household income exceeded their expenses which, in and of itself, affects her eligibility to receive SSI benefits. Also, plaintiff listed three cars registered in her name valued in total to $5,400 ($1,500.00, $1,900.00, $2,000.00 respectively) as well as a fourth car without any stated value. (T. 17, 35, 46). Those resources would also affect her SSI eligibility.

The ALJ reasonably concluded based on the substantial evidence before him that plaintiff was not without fault in causing the overpayment of SSI benefits and, therefore, was not entitled to a waiver of recovery of the payment.

## **Conclusion**

The court finds that the Commissioner's decision was made in accordance with the applicable law, and was supported by substantial evidence in the record, and therefore I hereby grant judgment on the pleadings in favor of the defendant.

ALL OF THE ABOVE IS SO ORDERED.

                                            s/Michael A. Telesca
                                                MICHAEL A. TELESCA
                                       United States District Judge

Dated:   Rochester, New York
            March 9, 2007